1  Thimesch Law Offices
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  GENE FARBER, Esq. (No. 44215) – Of Counsel
   158 Hilltop Crescent
3  Walnut Creek, CA 94597-3457
   Telephone: (925)588-0401
4
   Attorneys for Plaintiffs
5  HUGH MARSH and NEVA LEMA

6

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9
                                        PA (AGRx)
10 HUGH MARSH and NEVA LEMA,      CASE NO.
                                  CV10  1511
11        Plaintiffs,             Civil Rights

12 v.                             COMPLAINT FOR INJUNCTIVE RELIEF
                                  AND DAMAGES: DENIAL OF CIVIL
13                                RIGHTS OF A DISABLED PERSON IN
   GRAND KYOTO HOTEL; LITTLE      VIOLATION OF THE AMERICANS WITH
14 TOKYO PARTNERS, L.P.; LITTLE   DISABILITIES ACT, AND IN
   TOKYO PARTNERS, LLC;           VIOLATION OF CALIFORNIA'S
15 CRESTLINE HOTELS AND RESORTS,  DISABLED RIGHTS STATUTES
   INC.; and DOES 1 THROUGH 50,
16 Inclusive,                     DEMAND FOR JURY TRIAL

17        Defendants.             [Proper Intradistrict
                                   Assignment: Western/Los
18                                 Angeles]

19 _____/

20      Plaintiffs  HUGH  MARSH  and  NEVA  LEMA,  on  behalf  of

21 themselves and other similarly situated disabled persons, hereby

22 complain of defendants GRAND KYOTO HOTEL; LITTLE TOKYO PARTNERS,

23 L.P., a Delaware Limited Partnership registered to do business

24 in California; LITTLE TOKYO PARTNERS, LLC, a foreign entity not

25 registered in California; CRESTLINE HOTELS AND RESORTS, INC., a

26 Delaware Corporation doing business in California; and DOES 1

27 THROUGH 50, Inclusive (hereafter "defendants"), and demand a

28 trial by jury, and allege as follows

   Complaint for Injunctive Relief and Damages

**INTRODUCTION**

1.  Defendants own, operate and/or lease the subject Grand Kyoto Hotel, a 434 room luxury hotel located at 120 South Los Angeles Street in Los Angeles, California.  Plaintiff HUGH MARSH, a resident of Santa Barbara, is a person whose disability requires the uses a wheelchair for mobility.  He has a preference for the GRANDY KYOTO (formerly known as the "New Otani") when in town for the Opera and for other personal business.  Plaintiff NEVA LEMA is a person of short statute with disabilities who also requires the use of a wheelchair for mobility.  She additionally has a short-term, semi-ambulatory ability through the use of hand crutches.  She travels frequently to Los Angeles for business and personal reasons, often staying at the Grand Kyoto.

2.  This is a suit to require defendants to remediate the Grand Kyoto so that it fully accessible and usable by persons with disabilities such as plaintiffs.  Defendants maintain barriers at their paths of travel, parking, lobby, guestrooms and other amenities that make these facilities inaccessible to physically disabled persons who use wheelchairs and crutches, including plaintiffs.  Most humiliatingly, the designated disabled accessible guestrooms themselves, which do not offer equal privileges, are inadequate in number, and are not spread across the full range of accommodations offered by the hotel.

3.  Construction alterations carried out at this facility triggered access requirements under California law, as well as under the requirements of the Americans With

1  Disabilities Act of 1990.  As described herein below, plaintiffs
2  seek injunctive relief to require that the subject Grand Kyoto
3  which they each visited and were unable to enter and use on a
4  full and equal basis, be made accessible to disabled persons to
5  meet the requirements of both California law and the Americans
6  With Disabilities Act of 1990.  Plaintiffs also seek deterrence
7  damages for violation of their Civil Rights for each date of
8  specific deterrence until such date as defendants bring their
9  public facilities into full compliance with the requirements of
10  California and federal law.

11

12  **JURISDICTION AND VENUE**

13          4.   This Court has jurisdiction of this action
14  pursuant to 28 U.S.C. 1331 for violations of the Americans with
15  Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to
16  pendant jurisdiction, attendant and related causes of action,
17  arising from the same facts, are also brought under California
18  law, including but not limited to violations of California
19  Health & Safety Code Sections 19955 *et seq*., including Section
20  19959; Title 24 California Code of Regulations; and California
21  Civil Code Sections 54 and 54.1 *et seq*.

22          5.   Venue is proper in this court pursuant to
23  28 U.S.C. 1391(b) and is founded on the fact that the real
24  property which is the subject of this action is located in this
25  district and that plaintiffs' causes of action arose in this
26  district.

27          6.   **Intradistrict Jurisdiction.**  Under Local Rules,
28  this case should be assigned to the Western Intradistrict in Los

1    Angeles as the real property that is the subject of this action

2    is located in the Western Intradistrict and plaintiffs' causes

3    of action arose in the Western Intradistrict (a property located

4    in downtown Los Angeles).

5

6    **PARTIES**

7         7.   Plaintiffs each qualify as "a person with a

8    disability," because of their required use of a wheelchair for

9    mobility, or, in the case of Neva Lema, through her additional

10   short term ability to utilize hand crutches.   Plaintiffs are

11   informed and believe that each of the defendants herein,

12   including Does 1-50, is the owner, constructive owner,

13   beneficial owner, successor-owner or successor-in-interest,

14   purchaser, trust, trustee, agent, ostensible agent, alter ego,

15   master, servant, employer, employee, representative, franchiser,

16   franchisee, joint venturer, partner, associate, parent company,

17   subsidiary, department, representative, or such similar

18   capacity, of each of the other defendants, and was at all times

19   acting and performing, or failing to act or perform, within the

20   course and scope of his, their or its authority as owner,

21   constructive owner, beneficial owner, successor-owner or

22   successor-in-interest, purchaser, agent, trust, trustee,

23   ostensible agent, alter ego, master, servant, employer,

24   employee, representative, franchiser, franchisee, joint

25   venturer, partner, associate, parent company, subsidiary,

26   department, representative, or such similar capacity, and with

27   the authorization, consent, permission or ratification of each

28   of the other defendants, and is responsible in some manner for

1  the acts and omissions of the other defendants in proximately

2  causing the violations and damages complained of herein, and

3  have approved or ratified each of the acts or omissions of each

4  other defendant, as herein described.  Plaintiffs will seek

5  leave to amend when the true names, capacities, connections, and

6  responsibilities of each defendant and Does 1-50, are

7  ascertained.

8       8.   Plaintiffs allege on information and belief that

9  at all relevant times, defendants either were and/or now are the

10  owners, operators, lessors and/or lessees of the public

11  accommodation, also know as the Grand Kyoto, located at or near

12  120 South Los Angeles Street, Los Angeles, California.

13       9.   The facilities of this business, including its

14  parking, entrances, grounds, gardens, restaurants, guestrooms,

15  and other public facilities and amenities are each a "public

16  accommodation or facility" subject to the requirements of

17  California Health & Safety Code Sections 19955 et seq. and of

18  the California Civil Code Sections 54, 54.1, and 54.3.  At all

19  times relevant to this complaint, defendants have held these

20  facilities open to public use.  Such facilities also constitute

21  "public accommodations" or "commercial facilities" subject to

22  the requirements of Sections 302 and 303 of the Americans with

23  Disabilities Act of 1990.

24

25  **FACTUAL STATEMENT**

26       10.  Defendants are required by law to provide

27  accessible facilities on each occasion that "alterations,

28  structural repairs or additions" were performed to such

---

Complaint for Injunctive Relief and Damages                — 5 —

1   facilities pursuant to legal standards then in effect, per

2   Section 19959 of the Health & Safety Code, and under Section 303

3   of the Americans With Disabilities Act (which governs "new

4   construction" and "alterations").

5          11.  On information and belief, each such facility

6   has, since July 1, 1970, been newly constructed, and/or

7   undergone "alterations, structural repairs, and additions," each

8   of which has subjected the defendants and the subject hotel's

9   public facilities to disabled access requirements of

10  Section 19959 Health & Safety Code, Title 24 of the California

11  Code of Regulations, and/or, for such work occurring since

12  January 26, 1992, to the requirements of Section 303 of the

13  Americans With Disabilities Act.

14         12.  Plaintiffs allege they have been denied access,

15  or have suffered deterrence, by the following barriers:

16              (a)  There is no accessible path of travel from

17  the public sidewalk and boundary of the site to the valet area

18  and main lobby entrances, and the hotel lacks signage as to the

19  accessible route.

20              (b)  The unloading and valet area are improperly

21  configured and sloped for disabled access.

22              (c)  The parking garage containing approximately

23  400 spaces does not have an adequate number of disabled parking

24  spaces, and has no van accessible spaces.  The existing spaces

25  are improperly configured and sloped, and lack required signage.

26              (d)  The high registration counter, which is

27  configured only with a hidden, unsigned and part-time roll out

28  shelf, violates Title 24.

1          (e)    The    staircases    and    ramps    throughout    the

2    hotel lack improper handrails and returns.

3          (f)    The    pedestal    dining    tables    in    the    hotels'

4    five restaurants and the hotel lounge lack required knee space.

5          (g)    The    hotel    gardens    lack    a    vertical    means    of

6    access    to    the    upper    garden    and    viewing    area,    as    well    as    to    a

7    courtyard at the lower level of the garden.

8          (h)    The    designated    disabled    accessible

9    guestrooms    are    insufficient    in    number    and    not    reasonably    spread

10    across    the    full    range    of    accommodations,    including    the    hotels'

11    luxury suites.

12          (i)    The    facilities    of    the    designated    disabled

13    accessible    guestrooms    are    unusable    by    disabled    persons    in

14    multiple respects, including, but not limited to:

15          (1)    The    restrooms    entrance    door    lacks

16    required clear width.

17          (2)    The    interior    door    landing    lacks

18    required strike edge clearance.

19          (3)    The restroom lacks a required turning

20    space.

21          (4)    The    restroom's    lavatory    lacks    required

22    knee clearance, clear floor space in front of the lavatory, and

23    the hot water feed and waste pipe are not insulated.

24          (5)    The    water    closet    lacks    required    front

25    transfer    space,    lacks    a    required    grab    bar,    has    an    improper

26    centerline,    and    the    seat    height    is    too    low.    Use    of    the    side

27    grab bar is obstructed by the house telephone.

28          (6)    The    towel    rack    is    mounted    too    high    and

**Complaint for Injunctive Relief and Damages**                    — 7 —

1 obstructs the front transfer space for the water closet.  The
2 dryer string is mounted too high and not located next to a clear
3 floor space.
4                    (7) The roll-in shower in improperly
5 configured and lacks a fixed shower seat.  The shower wand
6 requires pinching and twisting to adjust.  The shower is not
7 wide enough and lacks required grab bars.
8                    (8) The HVAC controls are mounted too high
9 and not situated next to a clear floor space.
10                    (9) Curtain batons are not placed within
11 the required reach range, and one of the pair is not located
12 next to a clear floor space.
13                    (10) The closet does not have the required
14 clear opening, and restricts access to amenities within the
15 closet, including the iron and ironing board.
16                    (11) Lamps required grasping, twisting and
17 pinching to operate.
18                    (12) The desk lacks required knee space, and
19 electrical receptacles are not accessible.
20        13.  On information and belief, multiple other
21 facilities throughout the hotel also lack required disabled
22 access, including, but not limited to:
23                    (a)  The paths of travel and ramps throughout the
24 restaurant.
25                    (b)  Bar, sales, car-rental and registration and
26 service counters.
27                    (c)  Fitness center facilities.
28                    (d)  House telephones.

1              (e)   Restaurants facilities.

2              (f)   Business center facilities.

3    Each of these facilities have not been fully inspected by

4    plaintiffs' legal representatives.   These facilities require

5    measurements and other means of formal access through discovery

6    procedures.

7              14.   As a result of the actions and failure to act of

8    defendants, and each of them, and as a result of the failure to

9    provide appropriate disabled accessible guestrooms and hotel

10   amenities, plaintiffs each suffered and will suffer a loss of

11   their civil rights to full and equal access to public

12   facilities, suffered strain and exhaustion from attempting to

13   negotiate barriers as well as pain and discomfort, and will

14   suffer emotional distress, mental distress, mental suffering,

15   mental anguish, which includes that shame, humiliation,

16   embarrassment, anger, chagrin, disappointment and worry,

17   normally and naturally expected and associated with a person

18   with a physical disability being denied access to a public

19   accommodation, all to their damages as prayed hereinafter in an

20   amount within the jurisdiction of this court.

21             15.   Plaintiffs each regularly visit the area and have

22   been denied access at the hotel, or have been deterred from

23   utilizing its facilities. Plaintiffs would like to return and

24   use the subject Grand Kyoto on a planned or spontaneous basis,

25   but are unable to enjoy the safe full and equal access to which

26   they are entitled.  The barriers to disabled access that deter

27   plaintiffs' return are permanent physical barriers.  For

28   instance, the total absence of an accessible guestroom on the

1    property and with full amenities available elsewhere in the

2    hotel.

3        16. On information and belief, a number of facilities

4    in the subject building have been remodeled during the statutory

5    period since July 1, 1970, triggering accessible "path of

6    travel" requirements to each area of alteration, which includes,

7    but is not limited to, accessible public sanitary facilities and

8    a path of travel, complying with ADA and Title 24 standards. On

9    information and belief, defendants have not complied with these

10   legal obligations.

11       17. The "removal" of each of these barriers to use by

12   disabled persons was "readily achievable" under the standards of

13   Section 301(9) of the Americans With Disabilities Act of 1990

14   [42 U.S.C. 12181] at all times herein relevant. Section 303 of

15   the ADA [42 U.S.C. 12183] and California law also required the

16   removal of all such barriers upon performance of "alterations."

17       18. On information and belief, defendants continue to

18   the present date to deny "full and equal access" to plaintiff

19   and to all other disabled persons, in violation of California

20   law, including Health & Safety Code Sections 19955 *et seq.*,

21   Civil Code Sections 54 and 54.1, and Title 24 of the California

22   Code of Regulations (a.k.a. California Building Code). Further,

23   such denial of access to disabled persons also violates the

24   requirements of Title III of the federal Americans With

25   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

26   §§ 12181 et seq.] (Hereinafter also called the "ADA").

27   ////

28

**FIRST CAUSE OF ACTION:**

**BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

19.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18, above.

20.    Plaintiffs are each physically disabled under standards as defined by all California statutes using these terms.    Plaintiffs are also each an "individual with a disability" as defined by Section 54(b) Civil Code, as well as Section 3(2) of the ADA.    Each violation of the ADA, as plead hereinafter, is incorporated by reference as a separate violation of Sections 54(c) and 54.1(d) California Civil Code.

21.    Health & Safety Code Section 19955 provides in pertinent part:

> (a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.    For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

22.    Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

23.    Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations

1     constructed or altered after that date.   On information and

2     belief, portions of the subject Grand Kyoto were constructed

3     and/or altered after July 1, 1970, and portions of the subject

4     building were structurally remodeled, altered and have undergone

5     structural repairs or additions after July 1, 1970.   Such

6     construction required such building and its public accommodation

7     facilities to be subject to the requirements of Part 5.5,

8     Sections 19955, et seq., of the Health and Safety Code, which

9     requires provision of access upon "alterations, structural

10    repairs or additions" per Section 19959 Health & Safety Code, or

11    upon a change of occupancy (a form of "alteration").

12          24.   Pursuant to the authority delegated by Government

13    Code Section 4450, et seq., the State Architect promulgated

14    regulations for the enforcement of these provisions.   Effective

15    January 1, 1982, Title 24 of the California Administrative Code

16    adopted the California State Architect's Regulations and these

17    regulations must be complied with as to any modifications of the

18    subject building and its facilities occurring after that date.

19    Any alterations of the building after January 1, 1982 required

20    compliance with the Title 24 regulations then in effect,

21    including that an accessible path of travel leading to such

22    facility from the adjoining public right of way.   Prior to 1982,

23    similar requirements were incorporated into the law from the

24    American Standards Association.   On information and belief, one

25    or more of the constructions of and alterations upon and

26    modifications of the subject facilities occurred during the

27    period of time that sections of the Health and Safety Code have

28    provided that all buildings and facilities used by the public

1    must  conform  to  each  of  the  standards  and  specifications

2    described  in  the  American  Standards  Association  Specifications,

3    or,  as  to  construction  occurring  after  January  1,  1982,  to  the

4    standards  of  Title  24,  the  State  Architect's  Regulations.

5         25.  Plaintiffs  are  informed  and  believe  and  therefore

6    allege  that  defendants,  and  their  predecessors  in  interest  as

7    owners,  operators  and/or  lessors  of  the  subject  public

8    accommodation  (for  which  the  defendants  as  current  owners,

9    operators  and/or  lessors  of  the  building  are  responsible),  and

10   each  of  them  caused  the  subject  property  to  be  constructed,

11   altered  and  maintained  in  such  a  manner  that  physically  disabled

12   persons  were  denied  full  and  equal  access  to,  within  and

13   throughout  said  facilities,  and  full  and  equal  use  of  said

14   building.   Further,  on  information  and  belief,  defendants  and

15   each  of  them  have  continued  to  maintain  and  operate  such

16   building  and  its  facilities  in  such  condition  up  to  the  present

17   time,  despite  actual  and  constructive  notice  to  such  defendants,

18   and  each  of  them  (which  includes  plaintiffs'  discussions  with

19   hotel  personnel,  as  well  as  their  letters  to  defendants  on  June

20   6,  2005  and  July  15,  2005)  that  the  configuration  of  the

21   building  were  in  violation  of  the  Civil  Rights  of  disabled

22   persons,  such  as  plaintiffs.  Such  construction,  modification,

23   ownership,  operation,  maintenance  and  practices  of  such  a  public

24   facility  is  in  violation  of  law  as  stated  in  Part  5.5,  Sections

25   19955ff  Health  and  Safety  Code,  Sections  54  and  54.1,  et  seq.,

26   Civil  Code,  and  elsewhere  in  the  laws  of  California.

27        26.  On  information  and  belief,  the  subject  building

28   and  the  defendants  and  each  of  them  have  denied  full  and  equal

Complaint for Injunctive Relief and Damages          — 13 —

1   access to disabled persons in other respects due to non-

2   compliance with requirements of Title 24 of the California Code

3   of Regulations, and of other provisions of disabled access legal

4   requirements. Additionally, maintaining the barriers specified

5   in this complaint is independently a violation of both Title 24

6   of the California Building Code, and of Sections 54 and 54.1

7   Civil Code and their guarantee of "full and equal" access to all

8   public facilities (as pled in the third cause of action, and

9   also repleads and incorporated herein by reference, as if fully

10  restated hereafter), in conjunction with Section 19955ff, per

11  James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

12       27. Injunctive Relief - The acts and omissions of

13  defendants as complained of continue to have the effect of

14  allowing defendants to wrongfully exclude plaintiffs, and other

15  similarly situated members of the public who are physically

16  disabled, from full and equal access to the subject Grand Kyoto.

17  Such acts and omissions are the continuing cause of humiliation

18  and mental and emotional suffering to plaintiffs and other

19  similarly situated persons in that these actions treat them as

20  inferior and second class citizens and serve to discriminate

21  against them, so long as defendants do not provide a properly

22  accessible, safe and equal use of such facilities. Said acts

23  have proximately caused and will continue to cause irreparable

24  injury to plaintiffs and other similarly situated persons if not

25  enjoined by this court.

26       28. Plaintiffs seek injunctive relief, pursuant to

27  Section 19953 Health and Safety Code and Section 55 Civil Code,

28  prohibiting those of the defendants that currently own, operate,

1    and/or lease (from or to) the subject Grand Kyoto, from

2    maintaining architectural barriers to the use by disabled

3    persons of public accommodations and facilities, in violation of

4    Part 5.5, Sections 19955ff Health and Safety Code.  Plaintiffs

5    seek to require such defendants to create safe and properly

6    accessible facilities.

7          29.  Attorneys' Fees - As a result of defendants' acts

8    and omissions in this regard, plaintiffs have been required to

9    incur legal expenses and hire attorneys in order to enforce

10   plaintiffs' rights and those of other similarly situated

11   persons, and to enforce provisions of the law protecting access

12   for the disabled, and prohibiting discrimination against the

13   disabled, and to take such action both in their own interest and

14   in order to enforce an important right affecting the public

15   interest.  Plaintiffs therefore seek recovery of all reasonable

16   attorneys' fees, litigation expenses and costs incurred,

17   pursuant to the provisions of Section 1021.5 of the Code of

18   Civil Procedure.  Plaintiffs additionally seek attorneys' fees

19   and costs pursuant to Section 19953 Health and Safety Code.

20         WHEREFORE, plaintiffs pray for relief as hereinafter

21   stated.

22   ////

23

24

25

26

27

28

---

**Complaint for Injunctive Relief and Damages**

1

## SECOND CAUSE OF ACTION:

2

## VIOLATION OF DISABLED RIGHTS ACT,

3

## CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.

4

## DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON

5            30.  Plaintiffs replead and incorporate, as if fully

6  set forth again herein, the allegations contained in paragraphs

7  1 through 29, above.

8            31.  At all times relevant to this action, California

9  Civil Code Sections 54 and 54.1 have provided that physically

10  disabled persons are not to be discriminated against because of

11  physical handicap or disability.    Section 54 Civil Code

12  provides:

13                 Individuals with disabilities shall

14                 have the same right as the general public

15                 to the full and free use of the streets,

16                 highways,  sidewalks,  walkways,  public

17                 buildings,  public  facilities,  including

18                 hospitals,  clinics,  and  physicians'

19                 offices,  public  facilities,  and  other

20                 public places.

21  Section 54.1 Civil Code provides that:

22                 (a)(1)  Individuals with disabilities

23                 shall  be  entitled  to  full  and  equal

24                 access,  as  other  members  of  the  general

25                 public,  to  accommodations,  advantages,

26                 facilities,  medical  facilities...    and

27                 privileges  of  all  common  carriers,

28                 airplanes,  motor  vehicles...  or  any  other

---

Complaint for Injunctive Relief and Damages

public conveyances or modes of transportation... hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

32. California Civil Code Section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Section 54 and 54.1 Civil Code is liable for EACH such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in Sections 54 and 54.1, for services necessary to enforce those rights.

33. As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate disabled accessible guestrooms and hotel amenities, plaintiffs each suffered and will suffer a loss of their civil rights to full and equal access to public facilities, suffered strain and exhaustion from attempting to negotiate barriers as well as pain and discomfort, and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes

that shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, normally and naturally expected and associated with a person with a physical disability being denied access to a public accommodation, all to their damages as prayed hereinafter in an amount within the jurisdiction of this court.

34.    Plaintiffs are each persons within the meaning of Civil Code Sections 54 and 54.1 whose rights have been infringed upon and violated by the defendants.    Plaintiffs have been denied full and equal access during the period within two years before the filing of the complaint, and on each specific date of potential use in which full and equal access to such facility was denied or deterred.    On information and belief, defendants have failed to act to provide full and equal public access to their subject hotel, and continue to operate in violation of the law and continue to discriminate against physically disabled persons by failing to allow access to their building, and make reasonable modifications in policy respecting servicing the disabled who cannot enter or use facilities on a full and equal basis.

35.    At all times relevant, defendants were on notice of the requirements of the law relating to provision for full and equal disabled access.    Especially as defendants were on full notice, each date that plaintiffs' visits the area that defendants have continued to deny access to disabled persons constitutes a new and distinct violation of each plaintiff's right to full and equal access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code.    In the

1   event of a default judgment against any particular defendant,

2   each plaintiff will seek an injunction requiring provision of

3   accessible entrance, parking, guestroom, garden, and other

4   amenities (all as identified in paragraphs 12 through 13,

5   above), plus damages of $4,000 damages per incident of denial

6   and/or deterrence, plus reasonable attorneys' fees, litigation

7   expenses and costs as set by the court, until it is brought into

8   full compliance with state and federal access laws protecting

9   the rights of the disabled.

10       36. Each plaintiff has been damaged by defendants'

11   wrongful conduct and seek the relief that is afforded by

12   Sections 54.1, 54.3 and 55 of the Civil Code. Each plaintiff

13   seeks actual damages, and statutory and treble damages against

14   defendants for all periods of time mentioned herein. As to

15   those of the defendants that currently own, operate, and/or

16   lease (from or to) the subject hotel, plaintiffs seek

17   preliminary and permanent injunctive relief to enjoin and

18   eliminate the discriminatory practices and barriers that deny

19   equal access for disabled persons, and for reasonable attorneys'

20   fees.

21       37. WHEREFORE, plaintiffs ask this Court to enjoin

22   any continuing refusal by the defendants that currently own,

23   operate, and or lease (from or to) the subject Grand Kyoto, to

24   grant such access to plaintiffs and other similarly situated

25   disabled persons, or alternatively to enjoin operation of the

26   subject Grand Kyoto as a public accommodation until such

27   defendants comply with all applicable statutory requirements

28   relating to access to physically disabled persons, and that the

**Complaint for Injunctive Relief and Damages**

1   Court award plaintiffs their reasonable statutory attorneys'

2   fees, litigation expenses and costs pursuant to Civil Code

3   Section 55, Code of Civil Procedure Section 1021.5, and Health &

4   Safety Code Section 19953, and as further prayed for herein.

5          WHEREFORE, plaintiffs pray for damages and injunctive

6   relief as hereinafter stated.

7

8                    **THIRD CAUSE OF ACTION:**

9   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

10                   **42 USC §§ 12101ff**

11         38.  Plaintiffs replead and incorporate, as if fully

12  set forth again herein, the factual allegations contained in

13  paragraphs 1 through 37, above.

14         39.  Pursuant to law, in 1990 the United States

15  Congress made findings per 42 U.S.C. Section 12101 regarding

16  physically disabled persons, finding that laws were needed to

17  more fully protect "some 43 million Americans with one or more

18  physical or mental disabilities;" that "historically society has

19  tended to isolate and segregate individuals with disabilities;"

20  that "such forms of discrimination against individuals with

21  disabilities continue to be a serious and pervasive social

22  problem;" that "the Nation's proper goals regarding individuals

23  with disabilities are to assure equality of opportunity, full

24  participation, independent living and economic self sufficiency

25  for such individuals;" and that "the continuing existence of

26  unfair and unnecessary discrimination and prejudice denies

27  people with disabilities the opportunity to compete on an equal

28  basis and to pursue those opportunities for which our free

1  society is justifiably famous..."

2       40.  Congress stated as its purpose in passing the

3  Americans with Disabilities Act (42 USC § 12101(b)):

4            It is the purpose of this act —

5                 (1)   to   provide   a   clear   and

6            comprehensive national mandate for the

7            elimination of discrimination against

8            individuals with disabilities;

9                 (2)  <u>to   provide   clear,   strong,</u>

10           <u>consistent,      enforceable      standards</u>

11           addressing   discrimination   against

12           individuals with disabilities;

13                (3)  to ensure that the Federal

14           government plays a central role in

15           enforcing the standards established in

16           this act on behalf of individuals with

17           disabilities; and

18                (4)   to   invoke   the   sweep   of

19           Congressional   authority,   including   the

20           power to enforce the 14th Amendment and to

21           regulate commerce, in order to <u>address the</u>

22           <u>major areas of discrimination faced day to</u>

23           <u>day   by   people   with   disabilities</u>.

24           (Emphasis added)

25       41.  As part of the Americans with Disabilities Act,

26  Public Law 101-336, (hereinafter the "ADA"), Congress passed

27  "Title III - Public Accommodations and Services Operated by

28  Private Entities" (42 U.S.C 12181ff).  Among "private entities"

which are considered "public accommodations" for purposes of this title are identified as "an inn, hotel, motel, or other place of lodging," and "a restaurant, bar or other establishment serving food or drink," and "an auditorium, convention center, lecture hall, or other place of public gathering." (§§ 301(7), (A)-(B), and (D) [42 U.S.C. 12181].)

42. Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43. Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to

1    others."

2         44.  Among the specific prohibitions against

3    discrimination in the ADA include the following:

4              § 302(b)(2)(A)(ii): "A failure to

5              make reasonable modifications in policies,

6              practices or procedures when such

7              modifications are necessary to afford such

8              goods, services, facilities, privileges,

9              advantages or accommodations to

10             individuals with disabilities..."

11             § 302(b)(2)(A)(iii): "A failure to

12             take such steps as may be necessary to

13             ensure that no individual with a disability

14             is excluded, denied services, segregated or

15             otherwise treated differently than other

16             individuals because of the absence of

17             auxiliary aids and services, unless the

18             entity can demonstrate that taking such

19             steps would fundamentally alter the nature

20             of the good, service, facility, privilege,

21             advantage, or accommodation being offered

22             or would result in an undue burden;"

23             § 302(b)(2)(A)(iv): "A failure to

24             remove architectural barriers, and

25             communication barriers that are structural

26             in nature, in existing facilities...

27             where such removal is readily achievable;"

28             § 302(b)(2)(A)(v): "Where an entity

can demonstrate that the removal of a
barrier under clause (iv) is not readily
achievable, a failure to make such goods,
services, facilities, privileges,
advantages, or accommodations available
through alternative methods if such
methods are readily achievable." The acts
and omissions of defendants set forth
herein were in violation of plaintiffs'
rights under the ADA, Public Law 101-336,
and the regulations promulgated
thereunder, 28 CFR Part 36ff.

45. The removal of each of the barriers complained of by plaintiff as hereinabove alleged were — at all times on or after January 26, 1992 — "readily achievable."

46. Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

47. Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

48. "Discrimination" is further defined under

Section 303(a)(2) of the ADA, for a facility or part thereof
that was altered after the effective date of Section 303 of the
ADA in such a manner as to affect or that could affect the
usability of the facility or part thereof by persons with
disabilities, to include per Section 303(a)(2) [42 U.S.C.
12183], "a failure to make alterations in such a manner that, to
the maximum extent feasible, the altered portions of the
facility are readily accessible to and usable by individuals
with disabilities, including individuals who use wheelchairs."
Additionally, for alterations to areas of a facility involving a
"primary function," discrimination under the ADA, per Section
303(a)(2) (42 U.S.C. 12183), also includes the failure of an
entity "to make the alterations in such a manner that, to the
maximum extent feasible, the path of travel to the altered area
and the bathrooms, telephones, and drinking fountains serving
the altered area, are readily accessible to and usable by
individuals with disabilities."  On information and belief, the
subject building constitutes a "commercial facility," and
defendants have, since the date of enactment of the ADA,
performed alterations (including alterations to areas of primary
function) to the subject building and its facilities, public
accommodations, and commercial facilities, which fail to provide
facilities and paths of travel to such areas that are readily
accessible to and usable by individuals with disabilities, in
violation of Section 303(a)(2), and the regulations promulgated
thereunder, 28 CFR Part 36ff.

   49.   Pursuant to the Americans with Disabilities Act,
42 USC 12188ff, Section 308, plaintiffs is entitled to the

1   remedies and procedures set forth in Section 204, subsection
2   (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at
3   subsection (a)), as plaintiffs are being subjected to
4   discrimination on the basis of disability in violation of this
5   title or has reasonable grounds for believing that they is about
6   to be subjected to discrimination in violation of Sections 302
7   and 303.    On information and belief, defendants continue to
8   violate the law and deny the rights of plaintiffs and of other
9   disabled persons to access this public accommodation.    Pursuant
10  to   Section 308(a)(2),   "[i]n   cases   of   violations   of
11  Section 302(b)(2)(A)(iv)... injunctive relief shall include an
12  order to alter facilities to make such facilities readily
13  accessible to and usable by individuals with disabilities to the
14  extent required by this title."

15          50.   As a result of defendants' acts and omissions in
16  this regard, plaintiff has been required to incur legal expenses
17  and attorney fees, as provided by statute, in order to enforce
18  each plaintiff's rights and to enforce provisions of the law
19  protecting access for disabled persons and prohibiting
20  discrimination against disabled persons.    Plaintiffs therefore
21  seek recovery of all reasonable attorneys' fees, litigation
22  expenses (including expert fees) and costs, pursuant to the
23  provisions of Section 505 of the ADA (42 U.S.C. 12205) and the
24  Department of Justice's regulations for enforcement of Title III
25  of the ADA (28 CFR 36.505).    Additionally, plaintiffs' lawsuit
26  is intended not only to obtain compensation for damages to
27  plaintiffs, but also to require the defendants to make their
28  facilities accessible to all disabled members of the public,

1   justifying "public interest" attorneys' fees pursuant to the

2   provisions of California Code of Civil Procedure Section 1021.5.

3       WHEREFORE, plaintiffs pray that this Court grant

4   relief as hereinafter stated:

5

6                           **FOURTH CAUSE OF ACTION:**

7       **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**

8   **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

9       51.  Plaintiffs replead and incorporate by reference,

10  as if fully set forth again herein, the allegations contained in

11  paragraphs 1 through 50 of this complaint.

12      52.  Each violation of the Americans With Disabilities

13  Act of 1990, as complained of in the Third Causes of Action

14  hereinabove (the contents of which causes of action have been

15  incorporated herein as if separately restated word for word

16  hereafter), is also a violation of section 54(c) and section

17  54.1(d) California Civil Code, further and independently

18  justifying damages, injunctive relief, and other statutory

19  relief per sections 54.3 and 55 California Civil Code, all as

20  previously pled.

21      53.  As a result of defendants' acts and omissions in

22  this regard, each plaintiff has been required to incur legal

23  expenses and attorney fees, as provided by statute, in order to

24  enforce each plaintiff's rights and to enforce provisions of the

25  law protecting access for disabled persons and prohibiting

26  discrimination against disabled persons.  Plaintiffs therefore

27  seek recovery of all reasonable attorneys' fees, litigation

28  expenses (including expert fees) and costs, pursuant to the

1    provisions of Section 55 of the Civil Code. Additionally,

2    plaintiffs' lawsuit is intended not only to obtain compensation

3    for damages to plaintiffs, but also to require the defendants to

4    make their facilities accessible to all disabled members of the

5    public, justifying "public interest" attorneys' fees pursuant to

6    the provisions of California Code of Civil Procedure Section

7    1021.5.

8         WHEREFORE, plaintiffs pray for damages and injunctive

9    relief as hereinafter stated.

10

11                    **FIFTH CAUSE OF ACTION:**

12    **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

13    **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

14         54. Plaintiffs replead and incorporate by reference,

15    as if fully set forth again herein, the allegations contained in

16    paragraphs 1 through 53 of this complaint.

17         55. Each violation of the Americans With Disabilities

18    Act of 1990, as complained of in the Third Causes of Action

19    hereinabove (the contents of which causes of action have been

20    incorporated herein as if separately repled), is also a

21    violation of section 51(f) of the Unruh Civil Rights Act,

22    further and independently justifying damages of $4,000 per

23    offense, injunctive relief, and other statutory relief per

24    Section 52 and common law decision.

25         56. As a result of defendants' acts and omissions in

26    this regard, plaintiff has been required to incur legal expenses

27    and attorney fees, as provided by statute, in order to enforce

28    each plaintiff's rights and to enforce provisions of the law

protecting access for disabled persons and prohibiting
discrimination against disabled persons. Plaintiffs therefore
seek recovery of all reasonable attorneys' fees, litigation
expenses (including expert fees) and costs, pursuant to the
provisions of Section 55 of the Civil Code. Additionally,
plaintiffs' lawsuit is intended not only to obtain compensation
for damages to plaintiffs, but also to require the defendants to
make their facilities accessible to all disabled members of the
public, justifying "public interest" attorneys' fees pursuant to
the provisions of California Code of Civil Procedure Section
1021.5.

WHEREFORE, plaintiffs pray for damages and injunctive
relief as hereinafter stated.


**SIXTH CAUSE OF ACTION:**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

**UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**

**PROTECTING THE RIGHTS OF DISABLED PERSONS**

57. Plaintiffs replead and incorporate by reference,
as if fully set forth again herein, the factual allegations
contained in paragraphs 1 through 56 of this complaint.

58. On a yearly basis, the defendants are engaged in
the business of providing hotel services and facilities at the
Grand Kyoto throughout the year.

59. Plaintiffs have incurred actual injury and is out
of pocket for the experience. Defendants' unfair practice lures
unsuspecting disabled customers such as plaintiffs to book rooms
at the hotel, who expect to be able to rent an accessible room.

1   Because of the advance planning required to find an accessible
2   hotel, defendants representations place plaintiffs in untenable
3   position only after its too late.    Only upon arrival and
4   obligation (and the incurrence of great inconvenience) do they
5   learn that defendants falsely advertise the "accessibility" of
6   their rooms.

7              60.  Commencing within three years of the date of the
8   original complaint filed in this action, the defendants have
9   committed acts of unfair competition, as defined by Business and
10  Professions Code section 17200, by providing facilities that are
11  inaccessible to the disabled members of the general public,
12  including, but not limited to the acts facilities beginning at
13  paragraph 12, above, all in violation of standards of sections
14  54 and 54.1 et seq. Civil Code; Title 24 of the California
15  Administrative Code; sections 4450-4456 Government Code;
16  sections 19952, 19953 and 19955-19959 Health & Safety Code;
17  Title III of the Americans With Disabilities Act of 1990; and
18  the Americans With Disabilities Act Access Guidelines.

19             61.  The acts and practices of the defendants are
20  likely to continue and therefore will continue to mislead the
21  general public as to the true cost of providing the specified
22  goods and services and their expected availability to members of
23  the public with physical disabilities pursuant to law.

24             62.  As a direct and proximate result of the
25  defendants' conduct, defendants have received and continue to
26  receive unfair profits that rightfully belong to members of
27  general public who have been adversely affected by defendants'
28  conduct, such as plaintiff.

1    63.   Plaintiffs have no adequate remedy at law, and

2    unless the relief requested herein is granted, plaintiff will

3    suffer irreparable harm in that Grand Kyoto will continue to be

4    discriminated against and denied access to the specified public

5    facilities.  Because plaintiffs seek improvement of access for

6    persons with disabilities, which will benefit a significant

7    portion of the public, plaintiffs seek recovery of reasonable

8    attorneys' fees pursuant to sections 52, 54.3 and 55 Civil Code,

9    section 1021.5 Code of Civil Procedure, section 19953 Health &

10   Safety Code, and section 505 of the Americans with Disabilities

11   Act.

12   Wherefore, plaintiffs pray that the court grant relief

13   as requested herein below.

14

15   **SEVENTH CAUSE OF ACTION:**

16   **VIOLATION OF GOVERNMENT CODE SECTION 12948**

17   64.   Plaintiffs replead and incorporate by reference,

18   as if fully set forth again herein, the factual allegations

19   contained in paragraphs 1 through 63 of this complaint.

20   65.   Defendants' actions are in violation of

21   Government Code Section 12948, and the corresponding Civil Code

22   Sections 51, 54, and 54.1.

23   66.   Plaintiffs seek injunctive relief, statutory and

24   compensatory damages, punitive damages, and attorneys fees under

25   the FEHA.

26   Wherefore, plaintiffs pray that the court grant relief

27   as requested herein below.

28   ////

---

**Complaint for Injunctive Relief and Damages**                    — 32 —

**EIGHTH CAUSE OF ACTION:**

**NEGLIGENCE PER SE IN INJURING PLAINTIFFS DUE TO VIOLATIONS OF**

**STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE**

**INDIFFERENCE TO THE CERTAIN RESULT**

67.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 66 of this complaint.

68.  Defendants' actions, as previously pled, constitute negligence per se, as they constitute violations of state and federal laws protecting the rights and safety of disabled persons such as plaintiffs.

69.  Further, any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately restated hereafter), also constitutes a violation of Section 54(c) and Section 54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law on this basis, including but not limited to Civil Code Sections 54.3 and 55.

Wherefore, plaintiffs pray that the court grant relief as requested herein below.


**NINTH CAUSE OF ACTION:**

**(Declaratory Relief)**

70.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint and incorporates them

Complaint for Injunctive Relief and Damages                    — 33 —

1    herein as if separately repled.

2    　　　71.   A present and actual controversy exists among the

3    respective rights and obligations of plaintiffs and defendants,

4    and separately, as to the obligations that have been impressed

5    by the aforementioned statutes against the hotel property

6    irrespective of past or future ownership.  Plaintiffs request a

7    judicial determination of their rights and such obligations in a

8    declaration, and also as to whether and to what extent

9    defendants' conduct and the current configuration of the

10   property violates applicable law.

11   　　　72.   Such a declaration is necessary and appropriate

12   at this time in order that plaintiffs may ascertain their

13   rights.  Such declaration is further necessary and appropriate

14   to prevent further harm or infringement of plaintiffs' Civil

15   Rights.

16   　　　Wherefore, plaintiffs pray the court grant relief as

17   requested hereinbelow.

18

19   　　　　　　　　　**PRAYER**

20   　　　WHEREFORE, plaintiffs pray for an award and relief as

21   follows:

22   　　　1.   That the Grand Kyoto be declared a public

23   nuisance, and that those of the defendants that currently own,

24   operate, and or lease (from or to) the subject Grand Kyoto and

25   its facilities be preliminarily and permanently enjoined from

26   operating and maintaining these public facilities as public

27   accommodations and commercial facilities, so long as disabled

28   persons are not provided full and equal access to the

Complaint for Injunctive Relief and Damages

accommodations and facilities, in violation of provided by
Sections 54, 54.1, and 55 et seq., of the Civil Code, Sections
19955 et seq. Health & Safety Code, Sections 4450, et seq.
Government Code, the American Standard Specifications
(A117.1961), or such other standards, including those of the
State Architect's Regulations for Handicapped Access, as found
in Title 24 of the California Code of Regulations or other
regulations as are currently required by law; and that
defendants be ordered to come into compliance with the Americans
with Disabilities Act of 1990, including an order that those of
the defendants that currently own, operate, and/or lease (from
or to) the subject Grand Kyoto, _inter_ _alia_, "alter the subject
facilities to make such facilities readily accessible to and
usable by individuals with disabilities," and institute
reasonable modifications in policies and practices, per
Section 308 of Public Law 101-336 (the ADA);

    2.   General, compensatory, and statutory damages, and
all damages as afforded by Civil Code Sections 54.3, including
treble damages, for each violation and each date of use or
deterrence, according to proof.

    3.   General, compensatory, and statutory damages, and
all damages as afforded by Civil Code Sections 52, including
treble damages, for each violation and each date on which
defendants have denied to plaintiffs equal access for the
disabled under Title III of the ADA, according to proof.

    4.   During the pendency of this action, a preliminary
injunction issue pursuant to Business and Professions Code
section 17203 to enjoin and restrain defendants from the acts of

1 unfair competition set forth above;

2     5.  A permanent injunction pursuant to Business and

3 Professions Code section 17203 restraining and enjoining the

4 defendants from continuing the acts of unfair competition set

5 forth above;

6     6.  Attorney's fees, litigation expenses and costs

7 pursuant to Sections 54.3 and 55 of the Civil Code,

8 Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

9 Procedure, Section 505 of the ADA, and California's UCL;

10     7.  Punitive damages pursuant to Section 3294 Civil

11 Code (Re: Seventh and Eighth Causes of Action);

12     8.  For all costs of suit;

13     9.  Prejudgment interest pursuant to Section 3291 of

14 the Civil Code;

15     10.  Such other and further relief as the Court deems

16 just and proper.

17

18 Dated: February 28, 2010    THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH

19

20

21     Attorneys for Plaintiffs

22     HUGH MARSH & NEVA LEMA

23 ////

24

25

26

27

28

Complaint for Injunctive Relief and Damages

— 36 —

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: February 28, 2010

By: TIMOTHY S. THIMESCH
Attorneys for Plaintiffs